# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JUSTIN PALMORE,<br><br>*Plaintiff,*<br><br>v.<br><br>RHODE ISLAND CANNABIS CONTROL COMMISSION AND LAYI ODUYINGBO, IN HIS OFFICIAL CAPACITY,<br><br>*Defendants.* | Civil Action No.:<br><br>**COMPLAINT FOR**<br><br>**1. 42 U.S.C. § 1983 DORMANT COMMERCE CLAUSE**<br><br>**2. 42 U.S.C. § 1983 EQUAL PROTECTION**<br><br>**3. DECLARATORY JUDGMENT** |

## COMPLAINT

### INTRODUCTION

Plaintiff Justin Palmore brings this action against defendants Rhode Island Cannabis Control Commission (the "Commission") and Layi Oduyingbo, Commissioner of the Commission (together, "Defendants"). [1]   Plaintiff sues Defendants over Defendants' unconstitutional application program for retail cannabis business licenses ("Licenses").

---

[1] Until recently, Kimberly Ahern was the director of the Commission.  Ms. Ahern resigned and a new director has not been named as of the filing of this Complaint.

1

## PARTIES

1.      Plaintiff Justin Palmore is an individual who resides in California.

2.      Defendant Rhode Island Cannabis Commission is an independent commission established by the Rhode Island Cannabis Act of 2022 (the "Cannabis Act"), R.I. Gen. Laws § 21-28.11-1 et seq.  The Commission was created to oversee the regulation, licensing, enforcement and control of regulated adult use and medical cannabis in the State of Rhode Island, and is authorized to exercise all powers necessary for the implementation, administration and enforcement of cannabis regulation and policy for both adult use and medical cannabis in the State. R.I. Gen. Laws § 21-28.11-2.

3.      Defendant Layi Oduyingbo, is a Commissioner of the Commission.  Plaintiff sues Mr. Oduyingbo in his official capacity.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. section 1331 because the action involves questions under the United States Constitution.

5.      The Court has personal jurisdiction over the Commission because it is a citizen of Rhode Island.

6.      The Court has personal jurisdiction over Mr. Oduyingbo because, on information and belief, he is a domiciliary of Rhode Island and she took the actions complained of herein while in Rhode Island.

7.      Venue is proper in this Judicial District under 28 U.S.C. section 1391(b)(1) because, on information and belief, the Commission is an agency of Rhode Island headquartered in Warwick, the laws challenged herein were passed in this judicial district, and Defendants performed the actions complained of herein while within this judicial district.

**RELEVANT FACTS**

A. **Defendants' Cannabis Business License Application Program Favors Rhode Island Residents in Violation of the Dormant Commerce Clause**

8.      On May 25, 2022, the Legislature added General Laws section 21-28.11, *et. seq*, with the short title Rhode Island Cannabis Act ("Cannabis Act").  R.I. Gen. Laws § 21-28.11-1. The Cannabis Act contains a savings clause.  R.I. Gen. Laws § 21-28.11-32.

9.      The Cannabis Act establishes the Commission.  R.I. Gen. Laws § 21-28.11-2(a). The Commission has the power to promulgate regulations for cannabis and the power over cannabis licensing for both medical and adult use cannabis.  R.I. Gen. Laws §§ 21-28.11-2; 21-28.11-4(a); 21-28.11-5.  The Commission has the power to determine which applicants shall be awarded Licenses.  R.I. Gen. Laws § 21-28.11-5(a)(2).

10.     The Cannabis Act establishes the Office of Cannabis Regulation.  R.I. Gen. Laws §§ 21-28.11-2; 21-28.11-10.1.

11.     No cannabis establishment may operate without an appropriate license.  R.I. Gen. Laws § 21-28.11-17.1(k).

12.     Cannabis retailers may sell cannabis to persons over 21 years old who presents "a valid state issued identification card, or on a valid motor vehicle license, or on a valid passport issued by the United States government, or by the government of a foreign country recognized by the United States government, or a valid United States issued military identification card, for proof of a person's identity and age."  R.I. Gen. Laws § 21-28.11-24(b).

### 1. *Hybrid Cannabis Retailers*

13.     The Cannabis Act permits retailers that formerly sold only medical cannabis to transition to a "hybrid cannabis retailer" and sell both medical and adult use cannabis to consumers. R.I. Gen. Laws §§ 21-28.11-10(a); 21-28.11-3(28).

14.     Hybrid cannabis retailers may sell medical cannabis to a patient with an out-of-state medical cannabis card provided the patient has a valid government-issued identification card from

3

the state where the medical cannabis card was issued.  R.I. Gen. Laws §§ 21-28.11-10(f); 21-28.11-5.

### 2.  *General Cannabis Retailers*

15.     The Cannabis Act allows the Commission to issue 24 Licenses in addition to the hybrid cannabis retail licenses.  R.I. Gen. Laws §§ 21-28.11-10.2(a); 21-28.11-3(16).

16.     The 24 Licenses are divided equally among six geographic areas of Rhode Island, with each geographic area receiving four.  R.I. Gen. Laws §§ 21-28.11-10.2(a); 21-28.11-10.3.  Of the 24 Licenses, four Licenses are reserved for workers' cooperative applicants as defined in Chapter 6.2 of title 7 (1 per geographic area).  R.I. Gen. Laws §§ 21-28.11-10.2(a), 21-28.11-3(42).  Of the 24 Licenses, four Licenses are reserved for social equity applicants (1 per geographic area).  *Id.*

17.     To receive a License, whether the applicant is a general applicant, a workers' cooperative applicant, or a social equity applicant, the applicant must be a resident of R.I. Gen. Laws § 21-28.11-10.2(b)(2).

18.     Under the Cannabis Act's definitions, "'Applicant' means a Rhode Island resident or a business entity with a principal place of business located in Rhode Island to include, but not limited to, a corporation, limited liability company, limited liability partnership or partnership, and in which fifty-one percent (51%) of the equity in the business entity is owned by residents of Rhode Island, and the Rhode Island resident or business entity has made application for issuance of a license or certificate to own or engage in a cannabis business subject to the provisions of this chapter."  R.I. Gen. Laws § 21-28.11-3(3).

### 3.  *Social Equity Cannabis Retailers*

19.     Under the Cannabis Act's definitions, "'Social equity applicant' means an applicant that has been disproportionately impacted by criminal enforcement of marijuana laws, including individuals convicted of nonviolent marijuana offenses, immediate family members of individuals convicted of nonviolent marijuana offenses and individuals who have resided in disproportionately impacted areas for at least five (5) of the last ten (10) years, as determined by the commission after

4

consultation with the cannabis advisory board, and further specified in the rules and regulations that shall identify factors and other considerations to be evaluated in certifying applicants as social equity applicants, provided that such applicants shall at a minimum meet one of the following criteria:

(i) An applicant with at least fifty-one percent (51%) ownership and control by one or more individuals who have resided for at least five (5) of the preceding ten (10) years in a disproportionately impacted area.

(ii) An applicant with at least fifty-one percent (51%) ownership and control by one or more individuals who:

(A) Have been arrested for, convicted of, or adjudicated delinquent for any offense that is eligible for expungement under this chapter; or

(B) Is a member of an impacted family.

(iii) For applicants with a minimum of ten (10) full-time employees, an applicant with at least fifty-one percent (51%) of current employees who:

(A) Currently reside in a disproportionately impacted area; or

(B) Have been arrested for, convicted of, or adjudicated delinquent for any offense that is eligible for expungement under this chapter or is a member of an impacted family.

(iv) Can demonstrate significant past experience in or business practices that promote economic empowerment in disproportionally impacted areas.

(v) Had income which does not exceed four hundred percent (400%) of the median income, as defined by the commission, in a disproportionally impacted area for at least five (5) of the past ten (10) years." R.I. Gen. Laws § 21-28.11-3.

20. Under the Cannabis Act's definitions, "'Disproportionately impacted area' means a census tract or comparable geographic area that satisfies at least one of the following criteria as determined by the commission, that:

(i) The area has a poverty rate of at least twenty percent (20%) according to the latest federal decennial census;

5

(ii) Seventy-five percent (75%) or more of the children in the area participate in the federal free lunch program according to reported statistics from the Rhode Island board of education;

(iii) At least twenty percent (20%) of the households in the area receive assistance under the Supplemental Nutrition Assistance Program (SNAP);

(iv) The area has an average unemployment rate, as determined by the Rhode Island department of labor and training, that is more than one hundred twenty percent (120%) of the national unemployment average, as determined by the United States Department of Labor, for a period of at least two (2) consecutive calendar years preceding the date of the application; or

(v)

(A) The area has a disproportionately high rates of arrest, conviction, and incarceration related to the sale, possession, use, cultivation, manufacture, or transportation of cannabis in comparison to other communities and localities in the state; or

(B) The area has a history of arrests, convictions, and other law enforcement practices in a certain geographic area, such as, but not limited to, precincts, zip codes, neighborhoods, and political subdivisions, reflecting a disparate enforcement of cannabis prohibition during a certain time period, when compared to the remainder of the state." R.I. Gen. Laws § 21-28.11-3(23).

21. Under Rhode Island Criminal Procedure, "(a) Any person with a prior civil violation, misdemeanor or felony conviction for possession only of a marijuana offense that has been decriminalized subsequent to the date of conviction shall be entitled to have the civil violation or criminal conviction automatically expunged, notwithstanding the provisions of chapter 1.3 of title 12." R.I. Gen. Laws § 12-1.3-5.

22. Under the Cannabis Act's definitions, "'Member of an impacted family' means an individual who has a parent, legal guardian, child, spouse, or dependent, or was a dependent of an individual who, prior to the effective date of this chapter, was arrested for, charged with, convicted

of, or adjudicated delinquent for any offense that is eligible for expungement under this chapter." R.I. Gen. Laws § 21-28.11-3(34).

23. Rhode Island does not have authority to expunge convictions from other states, nor do the statutes purport to do so. Thus, only persons with Rhode Island convictions can qualify for Social Equity Applicant status under the conviction prong of the qualifications.

### B. Cannabis Regulations

24. The Commission promulgated regulations governing cannabis licenses at Title 560 Chapter 10 of the Rhode Island Code of Regulations, 560-RICR-10-10-1, et seq. ("Cannabis Regulations").

25. The Cannabis Regulations incorporate the unconstitutional provisions of the Cannabis Act discussed herein. Under the Cannabis Regulations, "Applications for cannabis establishment licenses are subject to all requirements for the specific license type set forth in the Cannabis Act and/or the Medical Marijuana Act, the general requirements set forth in § 1.3 of this Part, and the specific section of this Part that applies to the license type." 560-RICR-10-10-1.3(A).

26. The Cannabis Regulations incorporate the Cannabis Act requirements for social equity applicants. "'Approved social equity applicant' means a social equity applicant as defined in R.I. Gen. Laws § 21-28.11-3(39) who has submitted a social equity status certification application to the Commission and following review and certification of said application has been approved as a social equity applicant." 560-RICR-10-10-1.2(A)(3).

27. The requirements to obtain social equity status verifications from Respondents are contained in 560-RICR-10-10-1.11.

28. ***Disproportionately impacted area***. Under 560-RICR-10-10-1.11(b)(1)(e)(1) an applicant is eligible for social equity status if they meet the requirement of residency in a disproportionately impacted area contained in the Cannabis Act. "The applicant has at least fifty-one percent (51%) ownership and control by one or more individuals who have resided for at least five (5) of the preceding ten (10) years in a disproportionately impacted area, as determined by the Commission." 560-RICR-10-10-1.11(b)(1)(e)(1).

29.    Respondents published a map of all qualifying disproportionately impacted areas, and all are in Rhode Island.    *See* https://ccc.ri.gov/social-equity-assistance-program/disproportionately-impacted-area-map?utm_source=chatgpt.com.

30.    ***Conviction***.    Under 560-RICR-10-10-1.11(b)(1)(e)(2) an applicant is eligible for social equity status if they meet the requirement of a cannabis conviction contained in the Cannabis Act.  "The applicant has at least fifty-one percent (51%) ownership and control by one or more individuals who: (A) Have been arrested for, convicted of, or adjudicated delinquent for any offense that is eligible for expungement under the Cannabis Act; or (B) Is a member of an impacted family."  560-RICR-10-10-1.11(b)(1)(e)(2).

31.    Under The offenses that are eligible for expungement are: "Any person with a prior civil violation, misdemeanor or felony conviction for possession only of a marijuana offense that has been decriminalized subsequent to the date of conviction shall be entitled to have the civil violation or criminal conviction automatically expunged, notwithstanding the provisions of chapter 1.3 of title 12.  For purposes of this section, 'conviction' means, in addition to judgments of conviction entered by a court subsequent to a finding of guilty, or plea of guilty, those instances where the defendant has entered a plea of nolo contendere and has received a jail sentence or a suspended jail sentence, or those instances wherein the defendant has entered into a deferred sentence agreement with the Rhode Island attorney general and the period of deferment has not been completed."  R.I. Gen. Laws §§ § 12-1.3-5.

32.    ***Low income***.    Under 560-RICR-10-10-1.11(b)(1)(e)(5) an applicant is eligible for social equity status if they meet the requirement of low income contained in the Cannabis Act.  "The applicant has at least fifty-one percent (51%) ownership and control by one or more individuals who each had income which does not exceed four hundred percent (400%) of the median income in a disproportionally impacted area, as defined in § 1.2 of this Part and as determined by the Commission, for at least five (5) of the past ten (10) years."  560-RICR-10-10-1.11(b)(1)(e)(5).  Further, "Only the individual who earned income in the disproportionately

impacted area is eligible to have their ownership contribute to qualification as a social equity applicant." 560-RICR-10-10-1.11(b)(1)(e)(5)(B).

33.    Respondents published the income limits for social equity status certification. https://ccc.ri.gov/sites/g/files/xkgbur991/files/2025-08/400%25%20Median%20Income%20Chart_Public_FINAL.pdf?utm_source=chatgpt.com.

### C. Plaintiff Applied for Social Equity Status Verification

34.    Plaintiff is over the age of 21 years.  He is a citizen of California and has never lived in Rhode Island.

35.    But for the unconstitutional Rhode Island requirements, Plaintiff would meets the requirements for social equity status under multiple bases.

36.    Plaintiff meets the requirements for social equity status under 560-RICR-10-10-1.11(b)(1)(e)(1) because he lived in a disproportionately impacted area for at least five of the ten years before Rhode Island opened the social equity status verification period.  Plaintiff's disproportionately impacted area, however, is in California rather than Rhode Island.  Plaintiff lived in an area of Los Angeles that was designated as a disproportionately impacted area for the Los Angeles cannabis licensing program.

37.    Plaintiff meets the requirements for social equity status under 560-RICR-10-10-1.11(b)(1)(e)(2) because he was arrested and pleaded guilty to a cannabis crime of simple possession.  Plaintiff's conviction, however, was under California law rather than Rhode Island law.  If Plaintiff's conviction had been under Rhode Island law, it would be eligible for expungement.

38.    Plaintiff meets the requirements for social equity status under 560-RICR-10-10-1.11(b)(1)(e)(5) because he has a low income.  For at least five of the last ten years, he earned less than 400% of the median income of the zip code where he lives.

39.    Plaintiff applied for social equity status verification on approximately September 23, 2025.  On November 14, 2025, Defendants rejected Plaintiff's application for social equity status by email and letter.

9

## FIRST CAUSE OF ACTION

### (Dormant Commerce Clause, 42 U.S.C. § 1983)

### (Plaintiff Against All Defendants)

40.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

41.    A state, including its subdivisions, may not enact laws that discriminate against citizens of other states.  *See, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019); *Fulton Corp. v. Faulkner*, 516 U.S. 325, 116 S. Ct. 848 (1996); *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93 (1994); *Dean Milk Co. v. Madison*, 340 U.S. 349 (1951).

42.    Defendants enforce the Cannabis Act and Cannabis Regulations.  Defendants will hold an application program for Licenses that complies with the Cannabis Act and the Cannabis Regulations.

43.    Defendants violated Plaintiff's rights by depriving Plaintiff of the opportunity to obtain a general License or a social equity License, in violation of the dormant Commerce Clause.

44.    The Cannabis Act violates the dormant Commerce Clause by requiring applicants for Licenses to be at least 51% owned by Rhode Island residents.

45.    The Cannabis Act and Cannabis Regulations violate the dormant Commerce Clause by allowing applicants to qualify for social equity status if the applicant is 51% owned by an individual who arrested for, convicted of, or adjudicated delinquent for any offense that is eligible for expungement under Rhode Island law.  They violate the dormant Commerce Clause by allowing applicants to qualify for social equity status if they lived in a disproportionately impacted area in Rhode Island, but not in other states.  They violate the dormant Commerce Clause by allowing applicants to qualify for social equity status if they earned a low income in a disproportionately impacted area in Rhode Island, but not in other states.

46.    Injunctive relief is necessary to prevent Defendants from enforcing the Cannabis Act and Cannabis Regulations sections that violate the dormant Commerce Clause by favoring Rhode Island residents over nonresidents.

47.    The residency preferences violate the United States Constitution and subject Plaintiff to serious, concrete, and irreparable injuries.

## SECOND CAUSE OF ACTION

### (Equal Protection Clause, 42 U.S.C. § 1983)

### (Plaintiff Against All Defendants)

48.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

49.    The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

50.    The Cannabis Act and Cannabis Regulations allow applicants to qualify for social equity status if the applicant is 51% owed by an individual who lived in a disproportionately impacted area.

51.    The Cannabis Act and Cannabis Regulations deprive individuals, including Plaintiff, of equal protection by preventing him from qualifying as a social equity applicant based on his area of residence.

52.    Injunctive relief is necessary to prevent Defendants from enforcing the Cannabis Act and Cannabis Regulations sections that violate the Equal Protection Clause.

53.    The Equal Protection violation subjects Plaintiff to serious, concrete, and irreparable injuries.

## THIRD CAUSE OF ACTION

### (Declaratory Relief, 28 U.S.C. § 2201)

### (Plaintiffs Against All Defendants)

54.  Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

55.  The Cannabis Act and Cannabis Regulations violate the dormant Commerce Clause of the United States Constitution.  An actual controversy exists between Plaintiff and Defendants as to whether Defendants may enforce the Cannabis Act and Cannabis Regulations.

56.  Declaratory relief is necessary to resolve this dispute.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1.  For the first claim, an injunction prohibiting Defendants from taking any further steps to enforce the Cannabis Act or Cannabis Regulation sections described above, including Prohibiting Defendants from holding a license application program and awarding licenses.

2.  For the second claim, an injunction prohibiting Defendants from taking any further steps to enforce the Cannabis Act or Cannabis Regulations regarding residence in a disproportionately impacted area.

3.  For the third claim, a declaration that the Cannabis Act sections described above are unconstitutional and unenforceable.

4.  An award of attorneys' fees and costs.

5.  For such other and further relief as this Court shall deem appropriate.

/ / /

Dated:  November 24, 2025

                                  Respectfully submitted,

                                    **LAW OFFICES OF ALBIN MOSER, P.C.**

By:    /s/ Albin Moser
        Albin Moser, Esq. (#6166)
        166 Valley Street, Suite 6M103
        Providence, RI 02909
        (401) 861-2100
        Email: amoser@albinmoser.com

                                    **JEFFREY M. JENSEN, PC**

By:    /s/ Jeffrey M. Jensen
        Jeffrey M. Jensen, Esq.
        *Pro Hac Vice – Admission Pending*
        California Bar No. 262710
        9903 Santa Monica Blvd. #890
        Beverly Hills, CA 90212
        (310) 909-7043
        Email: jeff@jeffreyjensen.com